IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MITCHELL KIEFFER and
MICHELLE KIEFFER                                                              PLAINTIFFS

v.                              No. 3:18-cv-81-DPM

MARTEN TRANSPORT LTD. and
STEPHEN JACK ANDERSON                                              DEFENDANTS

OPINION AND ORDER

There's a four-way stop at the intersection of Arkansas highways 49 and 14 in Waldenburg. Mr. and Mrs. Kieffer were approaching the intersection in their GMC pick-up on highway 49. Anderson, driving a tractor-trailer owned by his employer, Marten Transport, didn't stop at the intersection and ran into the Kieffers' pick-up, injuring them. Anderson was on a run from Memphis to Batesville, trying to make it there by 5:00 p.m. to pick up a load. Marten Transport had instructed him to press on, even though Anderson had alerted the company that he was tired and would be beyond his allowable driving hours in completing this job. Anderson was arrested at the scene and charged with several crimes. He declined a breath or blood test. He eventually made a deal and pleaded guilty to driving while intoxicated and possessing a controlled substance, methamphetamine. A baggie of the drug, and paraphernalia, were found in his cab. Marten Transport

seeks summary judgment on some but not all of the Kieffers' case. The trucking company challenges three claims, all arising from Anderson's drug use.

Marten Transport is entitled to judgment as a matter of law on the Kieffers' claim against the company, through vicarious liability, pursuant to the Civil Action by a Crime Victim Act. "Any person injured or damaged by reason of conduct another person that would constitute a felony under Arkansas law may file a civil action to recover damages based on that conduct." ARK. CODE ANN. § 16-118-107(a)(1). The Kieffers allege that they can prove that Anderson committed several felonies, including possessing methamphetamine, ARK. CODE. ANN. § 5-64-419(b)(1)(A), and seriously injuring another person while intoxicated and driving vehicle, ARK. CODE ANN. § 5-13-202(a)(3)(B)(i). For his part, Anderson testified on deposition that he was not using the drug; he was tired and fell asleep; and he pleaded guilty just to resolve the charges. The Court declines to hold, as Marten Transport argues, that an employer cannot be vicariously liable for its employee's felonies. This is an open question in Arkansas. *Costner v. Adams*, 82 Ark. App. 148, 154, 121 S.W.3d 164, 168–69 (2003). The *J.B. Hunt Transport, Inc. v. Doss* case predated the Act by a couple of years, and so no Act-based claim was made. 320 Ark. 660, 899 S.W.2d 464 (1995). But the Arkansas Supreme Court's analysis of a drinking-related accident involving a tractor-trailer driver implies that such a claim may exist.

-2-

The dispositive issue, instead, is the familiar one: was Anderson acting in the course and scope of his employment? *Regions Bank & Trust v. Stone County Skilled Nursing Facility, Inc.*, 345 Ark. 555, 566–67, 49 S.W.3d 107, 114–15 (2001); *Porter v. Harshfield*, 329 Ark. 130, 137, 948 S.W.2d 83, 86 (1997).

No. Driving the tractor-trailer was his job. Getting to Batesville by the close of business was his particular task that day. If this accident was simply about a tired driver, whose employer kept him on the road too long, despite knowing of the driver's fatigue, and a resulting accident that seriously injured another person in circumstances that proved felonious conduct, the law's answer might well be different. The Kieffers do not press the sleep-related argument because it is at war with their drug-use claim. Marten Transport did not direct or encourage Anderson to ingest methamphetamine to get his job done. Driving under the influence was not "expectable" in the circumstances. *Porter*, 329 Ark. at 137, 948 S.W.2d at 86. No trucking company in its right mind would want an intoxicated driver at the wheel of a tractor-trailer. Anderson's drug use on the job may or may not have been as purely personal as the radiologist technician's sexual assault on the patient in *Porter*, or the nursing home aide's sexual assault on the resident in *Regions Bank*. Even assuming the drug use was connected with fatigue, and trying to meet Marten Transport's expectation of getting to Batesville, Anderson had no duty to the company to use

-3-

methamphetamine and his employer did not expect him to do so. *Porter*, 329 Ark. at 137, 948 S.W.2d at 86. No record evidence to the contrary exists.

Marten Transport also seeks judgment on the Kieffers' drug-related punitive damages claims. Arkansas law requires clear and convincing evidence of malice or "reckless disregard of the consequences, from which malice may be inferred." ARK. CODE ANN. § 16-55-206(1); *D'Arbonne Construction Co., Inc. v. Foster*, 354 Ark. 304, 308, 123 S.W.3d 894, 898 (2003). There's no argument or evidence that Marten Transport or Anderson acted maliciously. The Kieffers' theory, instead, is reckless indifference, rooted solely in Marten Transport's hiring practices, turnover, and lack of vigilance on drug-related issues. *Doc. 1 at ¶¶ 28–32*. But there is not enough here for a reasonable juror to conclude that, based on this company's practices, Marten Transport recklessly disregarded likely injuries, such that malice could reasonably be inferred. *D'Arbonne*, 354 Ark. at 308, 123 S.W.3d at 898. The punitive damages claims therefore fail as a matter of law.

Marten Transport also seeks judgment on the Kieffers' claims for negligent hiring/supervision. While there was some murkiness in the record because of the Crime Victim Act claim, the company has now accepted responsibility for Anderson's actions. *Doc. 30 at 1 & Doc. 49 at 6*. That acceptance eliminates the entrustment/hiring/supervision claim as pleaded. *Elrod v. G & R Construction Co.*, 275 Ark. 151, 154, 628

-4-

Case 3:18-cv-00081-DPM   Document 58   Filed 09/28/20   Page 5 of 5

S.W.2d 17, 18 (1982). Again, the Kieffers make no claim against Marten Transport based on Anderson's being tired, alerting his dispatcher, and being told to keep going notwithstanding an imminent violation of the federal hours regulation. Such a claim could survive *Elrod*, because it would involve the company's direct negligence. But that is not a claim the Kieffers have chosen to pursue.

\* \* \*

Marten Transport's first motion for partial summary judgment, *Doc. 23*, is granted. The Kieffers' Crime Victim Act claim is dismissed. Marten Transport's second motion for partial summary judgment, *Doc. 41*, is granted. The Kieffers' claims for punitive damages and drug-based negligent hiring/supervision are dismissed. An Amended Final Scheduling Order setting this older case for a prompt trial will issue.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 September 2020

-5-